UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSIE RIVERA<br>AKA SLAVADOR MELENDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3 09 0672<br><br>No. 3:09mc0139<br>Judge Campbell |

## MEMORANDUM

The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Williamsburg Federal Correctional Institution (Williamsburg FCI), in Salters, South Carolina. The petitioner seeks a writ of error *audita querela* under 28 U.S.C. § 1651. The petitioner states that his petition "is not a post-conviction motion pursuant to 28 U.S.C. [§] 2255." (Docket Entry No. 1, p. 1)

"The petitioner raises objections, as a matter of law, against the consequences of a prior judgment of this court issued on November 19, 2004 in case number 3:03-00078." (Docket Entry No. 1, p. 1)(emphasis omitted) The petitioner pled guilty in Case No. 3:03cr00078-1 to one count each of: 1) conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine; 2) possession with intent to distribute 500 grams or more of cocaine; 3) possession of a firearm in furtherance of drug trafficking; 4) being a convicted felon/illegal alien in possession of a firearm; and 5) illegal reentry by a previously deported aggravated felon. *United States of America v. Jessie Rivera*, 3:03cr00078-1 (M.D. Tenn. Feb. 28, 2005)(Campbell, J.)(Docket Entry No. 102). The petitioner received an effective sentence of 420 months. *Id.* (Docket Entry No. 133).

On January 22, 2007, the petitioner filed a motion to vacate, correct, or set aside his sentence under § 2255. *Jessie Rivera v. United States of America*, No. 3:07-0086 (M.D. Tenn. Mar. 7, 2007)(Campbell, J.). The motion was denied, and the action dismissed on March 7, 2007. *Id.*

(Docket Entry No. 9). The petitioner did not appeal.

In the instant petition, the petitioner argues that "he is raising a newly recognized defense against the infirm[i]ties created by said judgment, which was correct when rendered but has since been deemed inf[i]rm" by *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). (Docket Entry No. 1, p. 1) In *Pruitt*, the Sixth Circuit vacated the appellant's sentence on direct appeal, and remanded the case for resentencing, because the trial court "did not account for Pruitt's prior record level under North Carolina law in determining whether" two prior convictions were punishable by a term of imprisonment exceeding one year. *Pruitt*, 545 F.3d at 419. According to the petitioner, "[a]bsent correction of [his] situation, he will continue to suffer from a violation of his Fifth and Sixth Amendment . . . rights."[1] (Docket Entry No. 1, p. 2)

Regardless the label that the petitioner affixes to his petition, the petition is a collateral challenge to the sentence imposed by the district court and, therefore, falls under 28 U.S.C. § 2255. *See USA v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)(a petitioner cannot avoid the bar against successive § 2255 motions "by simply styling a petition under a different name"); *see also USA v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Common law writs such as *audita querela* survive "only to the extent that they fill 'gaps' in the current system of postconviciton relief." *Carrington v. USA*, 503 F.3d 888, 890 (9th Cir. 2007). A writ of *audita querela* is not an available remedy where the claims raised are cognizable under § 2255. *Id.* The mere fact that a petitioner may be precluded from filing a second § 2255 petition does not establish that the remedy under § 2255 is inadequate. *See Coleman v. USA*, 106 F.3d 339, 341 (10th Cir. 1997).

Because the petitioner is not seeking *habeas corpus* relief, this action falls under the Prison

---

[1] The Court declines to address the merits of the petitioner's arguments, apart from noting that it is the United States Supreme Court, not the Sixth Circuit, that has the power to create a new right, and to make that right retroactively applicable to cases, such as the one before the Court, in which direct review has concluded.

2

Litigation Reform Act (PLRA). Under the PLRA, the courts are required to dismiss an action such as the one before the Court if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). An action is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

As reasoned herein, the petitioner's request for relief by way of a writ of *querela audita* lacks an arguable basis in law or fact. Accordingly, the petition will be dismissed as frivolous. Dismissal of this action shall constitute a "strike" under 28 U.S.C. § 1915(g).

An appropriate Order will be entered.

Todd Campbell
United States District Judge

3